UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X

Sarah Levine Simon,

                     **Plaintiff**

-against-

                     **Defendants**

Williams & Fudge, Inc. and Vincent Vallone,

No.

COMPLAINT

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

**07 CIV. 2856 WP4**

——————————————————————X

Plaintiff, by her attorneys, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as for violations of state common law.

## II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C §1692k (d), 28 U.S.C §1337, and supplemental jurisdiction exists for state law claims under 28 U.S.C. § 1367.

3.     Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202, and New York State law.

4.     Injunctive relief is available under New York State law.

1

5. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

6. Plaintiff, Sarah Simon, is a natural person residing in the City of Poughkeepsie, Dutchess County, New York.

7. Defendant, Williams & Fudge, Inc. is a foreign company authorized to do business in New York with its principal place of business located at 775 Addison Ave, #200, Rock Hill, SC 29730.

8. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendant Vincent Vallone is a natural person employed by Defendant, W&F at all times relevant to this complaint.

10. Defendant Vincent Vallone is a "debt collector" as defined by the FDCPA.

11. The debt alleged to be owed was for personal, family, or household services.

12. Plaintiff alleges that at all times herein mentioned, the individually named defendant was, and is now, the agent, servant, employee and/or other representative of Defendant Corporation W&F, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of W&F. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

2

## IV. FACTUAL ALLEGATIONS

13. Defendant W&F alleges that Plaintiff owes a debt to Columbia University for a defaulted student loan.

14. Starting in May 2006, Defendants began contacting Plaintiff by letters and by telephone in an attempt to collect the alleged debt.

15. Defendants acted in an abusive, harassing, and deceptive manner contrary to the standards of civilized society, and contrary to the standards employed by others in its industry.

16. Starting in May 2006, Defendant Vallone began calling Plaintiff's former neighbors in Manhattan, advising that he was a "friend" looking for Plaintiff.

17. When Defendants learned that Plaintiff had moved Upstate, they found her new telephone number and began calling her nonstop, at all hours of the day, and on weekends and holidays.

18. When Plaintiff did not return Defendants' calls, they began contacting Plaintiff's neighbors in Poughkeepsie, claiming that they were calling about a very important business matter and demanding that the neighbors tell Plaintiff to return their calls.

19. In the summer of 2006, Defendant Vallone, calling on behalf of W&F, spoke with Plaintiff on the telephone.

20. During this conversation, Defendant Vallone:

   a. Demanded that Plaintiff consolidate her student loans. Plaintiff refused to do so, advising that she believed that all of her loans had been deferred.

  b. Failed to warn that the call was coming from a debt collector and might have been recorded by Defendants until halfway through the eight-minute call.

  c. Claimed to have "Verified that your [Plaintiff's] son owns the property that you're living in" and then followed that statement up immediately with a threat to take away Plaintiff's son's home, even though he was not obligated for the alleged debt.

  d. When asked whether the threat to take away Plaintiff's son's home was a threat, Defendant Vallone stated that "No, ma'am, a threat is something that I won't carry through with." Upon information and belief, Defendants did not have authorization from Columbia to take away anyone's home, especially not from someone, like Plaintiff's son, who has no obligation to pay the alleged debt.

  e. Now that Defendant Vallone had falsely stated that Plaintiff's son was somehow responsible for Plaintiff's alleged debt and could lose his house, Vallone suggested that "you should ask your son for some help on the bills."

  f. Defendant Vallone then advised that he would be hanging up but suggested that she should return his calls to her neighbors in the future. He then proceeded to admit that had already left messages with her neighbors and even gave their names.

  g. At that point, Defendant Vallone changed his mind about hanging up and began to ask what Plaintiff's son did for a living and insinuated that Defendants might take action – or advise Columbia to take action – against Plaintiff's son, Daniel.

  h. Defendant Vallone followed up by falsely accusing Plaintiff of yelling and screaming at him and screaming in his ear.

4

      i.    Defendant Vallone finished up his telephone call by threatening to "continue to verify assets for you and continue leaving messages with your neighbors until I hear back from you telling me what you want to do with the bill."

21.    As a result of this harassment by Defendants, Plaintiff suffered emotional distress including, but not limited to embarrassment and humiliation before her neighbors, sleeplessness, bad dreams, crying, nausea, fear, and other symptoms of emotional distress.

## V. CAUSES OF ACTION UNDER THE FDCPA

22.    Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

23.    Defendants' actions and omissions as described herein violated numerous provisions of the FDPCA including but not limited to the following:

    A. Defendants' violated 15 U.S.C §1692b, b(1), b(2), b(3), b(5);

    B. Defendants' violated 15 U.S.C. § 1692c and c(1);

    D. Defendants' violated 15 U.S.C. § 1692d, d(2), d(5), and d(6);

    E. Defendants' violated 15 U.S.C. § 1692e, e(2), e(4), e(5), e(7), e(8), e(10), e(11); and

    F. Defendants' violated 15 U.S.C. § 1692f and applicable subsections.

## VI. NEGLIGENCE AND GROSS NEGLIGENCE RELATED TO ALL DEFENDANTS

24.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

25.    Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

26. Defendants' actions and omissions as described herein constitute gross negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendants' actions were willful, malicious, and reckless. Defendants' actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

27. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## VII. NEGLIGENCE AND GROSS NEGLIGENCE, RELATED TO DEFENDANT W&F

28. Plaintiff repeats, re-alleges, and incorporates by reference to the foregoing paragraphs.

29. Defendant W&F was negligent in the hiring, training, retention, and/or supervision of its employees. The actions and omissions of W&F constitute negligence in that W&F owed Plaintiff a duty in the hiring, training, retention, and/or supervision of its employees, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

30. The actions and omissions of W&F as described herein constitute gross negligence in that W&F owed Plaintiff a duty in the hiring, training, retention, and/or supervision of its employees, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and the actions and omissions of W&F demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant W&F were willful, malicious, and reckless. The actions of Defendant W&F were highly unreasonable and demonstrate an extreme departure from ordinary care.

31.     Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant W&F as described herein.

## VIII. DAMAGES

32.     Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered financial loss, mental anxiety, emotional suffering, physical pain, worry, loss of appetite, humiliation, sleeplessness, mental distress, physical pain, and pre-litigation costs.  In addition, the Plaintiff has incurred and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.  Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

33.     As a result of Defendants' willful and malicious nature of Defendants' actions and as a result of their extreme wanton disregard for Plaintiffs' rights; the Plaintiffs are entitled to punitive damages from Defendants.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA;

B. Declaratory judgment that defendants' conduct constitutes negligence;

C. Declaratory judgment that defendants' conduct constitutes gross negligence;

D. Injunctive relief prohibiting the Defendant from contacting the Plaintiff by telephone;

E. Actual damages under the FDCPA and common law claims;

F. Statutory damages under the FDCPA;

G. Costs and reasonable attorney fees under the FDCPA;

H. Punitive damages under the state common law claims;

I. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated: New York, New York
April 6, 2007

Respectfully submitted,

Brian L. Bromberg (BB: 6264)

<u>Attorneys for Plaintiff</u>
Brian L. Bromberg (BB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York NY  10005