<u>MEMORANDUM ENDORSED ORDER</u>

Sarah Levine Simon v. Williams & Fudge, Inc., et al
07 Civ. 2856 (KMK)(GAY)

    Before the Court is a discovery dispute between the parties. Defendants seek a protective order limiting the number of depositions of the corporate defendant's employees. Defendants contend that the depositions of five non-party witnesses employed by the defendant is unnecessary and abusive. However, said non-parties are identified by defendants in response to an interrogatory as either having telephoned plaintiff or plaintiff's neighbors or family members, on behalf of defendants in attempting to collect a debt. As such, the depositions requested by plaintiff are warranted. Defendants' request for a protective order is denied.

    Plaintiff also seeks net worth information that was objected to by defendants. Plaintiff contends that said information is relevant to the issue of punitive damages that she seeks. The Court directs defendants to swear to affidavits stating their net worth that would include a balance sheet listing assets and liabilities. See <u>Sabatelli v. Allied Interstate, Inc</u>, No. 05-3205, 2006 WL 2620385 (S.D.N.Y. Sept. 13, 2006); <u>Collins v. City of New York</u>, 222 F.R.D. 249, 254 (S.D.N.Y. 2004). Defendants may request an appropriate confidentiality order from plaintiff that would be so ordered by the Court.

    The completion date for all discovery is extended until March 3, 2008. A telephone conference, to be initiated by plaintiff, will take place on February 22, 2008 at 9:00 a.m.

                                             SO ORDERED:

Dated: January 28, 2008
White Plains, New York

                                        GEORGE A. YANTHIS, U.S.M.J.

# MEL S. HARRIS AND ASSOCIATES, LLC

| | | |
|---|---|---|
| MEL S. HARRIS<br>DAVID WALDMAN<br>KERRY H. LUTZ<br><u>ARTHUR SANDERS</u> | ATTORNEYS AT LAW<br>5 HANOVER SQUARE, 8TH FLOOR<br>NEW YORK, NY 10004<br>Tel: (212)571-4900<br>Fax (212)571-0965 | SETH H. SCHLANGER<br>ROBERT WIDHAM<br>RICHARD ELLISON<br>AMANDA PEREZ<br>JOSHUA YOUNGMAN |

January 16, 2008

Hon. George A. Yanthis
US District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Sarah Levine Simon
Vs. Williams & Fudge, Inc. and Vincent Vallone
Docket No. 07 CV 2856

Dear Judge Yanthis:

This letter is written to supplement my earlier letter of today. I neglected to request that the cut-off date for discovery to be completed be extended to March 3, 2008 so that the parties have sufficient time to complete depositions on this matter.
Thank you for your consideration.

Sincerely,

MEL S. HARRIS & ASSOCIATES, LLC

By: Arthur Sanders

as/ctw

cc: Brian Bromberg, Esq.

# MEL S. HARRIS AND ASSOCIATES, LLC

| MEL S. HARRIS | ATTORNEYS AT LAW | SETH H. SCHLANGER |
| DAVID WALDMAN | 5 HANOVER SQUARE, 8TH FLOOR | ROBERT WIDHAM |
| KERRY H. LUTZ | NEW YORK, NY 10004 | RICHARD ELLISON |
| ARTHUR SANDERS | Tel: (212)571-4900 | AMANDA PEREZ |
| | Fax (212)571-0965 | JOSHUA YOUNGMAN |

January 16, 2008

Hon. George A. Yanthis
US District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Sarah Levine Simon
Vs. Williams & Fudge, Inc. and Vincent Vallone
Docket No. 07 CV 2856

Dear Judge Yanthis:

Please be advised that I represent the defendants in the above-captioned matter. This letter is written to request court intervention in a discovery dispute between the parties. More specifically, defendants seek a protective order limiting the number of depositions of the corporate defendant's employees.

Paper discovery in this matter is complete. Plaintiff's counsel has served this office with deposition notices seeking depositions of the corporate defendant, the individually named defendant and five (5) other non-parties employed by the defendant. It is defendants' contention that the depositions of these individuals is unnecessary, as well as harassing and abusive.

The facts of this case are quite simple and involve a single telephone conversation between the individually named defendant collector and the plaintiff. None of the individuals named in the deposition notices prepared by plaintiff's counsel were involved in discussions with the plaintiff that are the subject of the pending complaint.

It is defendants' contention that the deposition notices were prepared and served as a means to exert pressure upon the defendant, Williams & Fudge.

# MEL S. HARRIS AND ASSOCIATES, LLC

| | | |
|---|---|---|
| MEL S. HARRIS<br>DAVID WALDMAN<br>KERRY H. LUTZ<br><u>ARTHUR SANDERS</u> | ATTORNEYS AT LAW<br>5 HANOVER SQUARE, 8TH FLOOR<br>NEW YORK, NY 10004<br>Tel: (212)571-4900<br>Fax (212)571-0965 | SETH H. SCHLANGER<br>ROBERT WIDHAM<br>RICHARD ELLISON<br>AMANDA PEREZ<br>JOSHUA YOUNGMAN |

Hon. George A. Yanthis  - 2 -  January 16, 2008
Re: Simon v. Williams & Fudge, Inc., et al

Defendants would respectfully request that the depositions be limited to the corporate defendant's 30(b)(6) witness and the named individual defendant. This office will be serving a deposition notice on plaintiff's counsel shortly regarding plaintiff's deposition and discovery should, by that time, be complete.

Thank you for your consideration.

Sincerely,

MEL S. HARRIS & ASSOCIATES, LLC

By: Arthur Sanders

as/ctw

cc: Brian Bromberg, Esq.