# Bromberg Law Office, P.C.

Brian L. Bromberg  
Licensed in  
New York and California

40 Exchange Place, Suite 2010  
New York, NY 10005  
Phone: (212) 248-7906  
Fax:    (212) 248-7908



January 21, 2008

<u>Via Fax: (914) 390-4095</u>  
Honorable George A. Yanthis  
U. S. District Court  
Southern District of New York  
300 Quarropas St  
White Plains, NY 11601

Re:  Simon v. Williams & Fudge, et al.  
     <u>SDNY, No. 07-Civ-2856 (KMK)(GAY)</u>

Dear Judge Yanthis:

I am writing in response to the letter from Defendants' counsel, Arthur Sanders, Esq., seeking a protective order to keep me from deposing the employees of Williams & Fudge who telephoned Plaintiff's neighbors in Manhattan and later in Poughkeepsie concerning an alleged debt. Mr. Sanders is also seeking to prevent me from deposing the supervisors responsible for making certain that Williams & Fudge's debt collectors do not run amok in this fashion.

In support of his motion, Mr. Sanders claims that this entire case "involve[s] a single telephone conversation...." But he is mistaken. As set forth in the Complaint (Doc. No. 1) and reflected in the collection notes produced by Defendants, W&F's employees, including *but not limited to* Vallone engaged in a systematic practice of harassing Plaintiff by calling her neighbors and relatives in Manhattan and Poughkeepsie.

Thus, when Mr. Sanders states that this suit "involve[s] a single telephone conversation", he fails to paint the entire picture. The single telephone call in question is the only call that Plaintiff managed to record. And during the telephone call, Defendant Vincent Vallone threatened that he would "continue to verify assets for you and continue leaving messages with your neighbors until I hear back from you telling me what you want to do with the bill." (Complaint, ¶ 20) In other words, Defendants were engaging in an ongoing pattern and practice of abusive behavior and impermissible contacts and threats, all of which are pleaded in the Complaint (*See* ¶¶ 13-20)

Defendants' actions give rise to claims under the FDCPA and in negligence against W&F for improper "hiring, training, retention and/or supervision of its employees" (*see* ¶¶ 29-30). Accordingly, Plaintiff is seeking to depose those individuals who spoke directly with Plaintiff or her friends or relatives. (*See* Defendants' response to Interrogatory No. 13, a copy of which is attached as Exhibit A)

Because Mr. Sanders states that these individuals played "roles…extremely limited in scope." (*See* Defendants' response to Interrogatory No. 7, a copy of which is attached as Exhibit A), their depositions should not take long. Therefore, Plaintiff requests that the Court direct Mr. Sanders to proceed with the depositions of Lisa Licea, Sherry ward, Travis Dupree, Michael Butts, and Lori Robinson.

Finally, on an unrelated note, Plaintiff requests that Defendants be compelled to provide information concerning their net worth. Although I have met-and-conferred with Mr. Sanders, and he has lost this issue before other judges, he is refusing to produce net-worth information. This information is directly relevant to determining damages under the tort claims set forth in the complaint. Because punitive damages may be available under the tort claims, Defendants' net worth is relevant to Defendants' ability to pay, which is a key factor in determining the amount of damages. Therefore, Plaintiff should be allowed to obtain discovery responses on this matter or inquire during depositions. *See Bryant v. Allied Account Services, Inc.*, CV-05-5565, 2006 WL 2620376, *2 (E.D.N.Y., Lindsay, M.J. Sept. 13, 2006).

Very truly yours,

Brian L. Bromberg

cc: Arthur Sanders, Esq. (Via Fax: 212-571-0965)

2

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X      07-CV- 2856
SARAH LEVINE SIMON,

              Plaintiff,

                              DEFENDANTS' RESPONSE
  -against-                 TO PLAINTIFF'S FIRST
                              SET OF REQUESTS FOR
WILLIAMS & FUDGE, INC. and      INTERROGATORIES
VINCENT VALLONE,

             Defendants.
- - - - - - - - - - - - - - - - - X

    Defendants, WILLIAMS & FUDGE, INC. and VINCENT VALLONE, by their attorney Arthur Sanders, respond to plaintiff's first set of requests for interrogatories as follows:

    1. Identify by code, if any, and date sent, all collection letters you transmitted to plaintiff.

ANSWER:

| Letter | Date |
|---|---|
| 1SDWILL101 | 08/24/05 |
| 1SDWILL1012 | 08/31/05 |
| 1SDWILL107 | 10/04/05 |
| 1SDWILL107 | 12/19/05 |
| 1SDWILL10A5 | 04/04/06 |
| 1SDWILL105 | 05/05/06 |
| 1SDWILL10Z | 05/24/06 |

    2. Identify Vincent Vallone.

ANSWER: Vincent Vallone is an employee of the defendant. He is engaged in debt collection activity.

3. Identify all FDCPA lawsuits in which you have been a defendant since January 1, 2002. In so doing, please provide the caption, court, index or docket number, and result of the lawsuit.

ANSWER:

1) Southern District, Indiana, Docket No. 2003cv01689 - <u>Courtney Kruzil vs. Williams & Fudge, Inc.</u> Case settled.

2) Eastern District, Pennsylvania, Docket No. 2005cv01556 - <u>Katrina Pinckney vs. Williams & Fudge, Inc.</u> Case dismissed.

3) Western District, Texas Docket No. 2006cv00032 - <u>Robert Zimmer vs. Williams & Fudge, Inc.</u> Case dismissed.

4. Identify all FDCPA lawsuits in which you have been deposed or otherwise served as a witness, including testimony or affidavits. In doing so, please provide the caption, court, index or docket number, and result of the lawsuit.

ANSWER: None

5. Identify by caption, court, index number, and amount sought all cases commenced or filed by or on behalf of defendants in the State of New York since January 1, 2002.

ANSWER: None

01/24/2008 09:47    2122487908                BROMBERG LAW OFFICE                    PAGE 10/16

6. Describe in detail the financial and business relationship between you and plaintiff's creditor, including: billing method, rate, frequency and media; expenses billed; funds remittance method, rate frequency and media; the nature and extent of services rendered (e.g. letter only, letter followed by suit in what circumstances); fee arrangement for each identified type of service; and whether communication is direct or indirect, such as through a collection agency as intermediary.

ANSWER: Williams & Fudge, Inc. provides third party collection services for Columbia University which is located in New York City, New York. Williams & Fudge, Inc. accepts unpaid Federal Student Loans, Institutional Private Loans, Tuition & Fee accounts, and Student Accounts Receivable.

Williams & Fudge, Inc. is compensated based on a contractual contingency fee pursuant to successful collections. Contractual rates are:

- Pre-Collection rate of $5.25 per account
- 23% of dollars collected for first placements collections
- 30% of dollars collected for second placement collections
- 33% of dollars collected for third placement collections

Williams & Fudge, Inc. invoices Columbia University on a monthly basis. Billing commences the first day of each month and ends the final business day of the current period.

Williams & Fudge, Inc.'s contractual agreement requires a net statement. Earned contingency fees are netted from the gross payments received at their location and the remaining amount is forwarded to Columbia University.

An electronic payment file is encrypted and submitted to Columbia University on a monthly basis. Support documentation (paper version) is mailed directly to the respective offices as well as their billing and account servicer (Affiliated Computer Services). Affiliated Computer Services also receives the monthly remittance for processing on behalf of Columbia University from Williams & Fudge, Inc.

Collection efforts encompass skip-tracing, collection letters, and direct contact via telephone. Williams & Fudge, Inc. does not pursue litigation on behalf of Columbia University.

Placement Media is provided to Williams & Fudge, Inc. by Affiliated Computer Services (ACS) who functions as both the billing servicer and account placement coordinator for collections.

7. State the job description for each of your staff members employed at each of your locations (attorney, paralegal, secretary, etc.) and how many staff members are employed in each job description at each location.

ANSWER: All Williams & Fudge, Inc.'s employees directly involved with the account of Sarah Simon are located at Rock Hill, South Carolina.

The following employees of Williams & Fudge, Inc. have or had involvement with the account of Sara Simon. Many of the roles are extremely limited in scope.

**Lisa Tillman**
Title: Assistant Manager of Support Services
Job Description: Primary function is to assist the Manager of Support Services and oversee the daily activities. Duties include posting of payments, and placement of business. Ms. Tillman physically entered Sara Simon's account data into the collection software utilized by the employees of Williams & Fudge, Inc. (identified as LIS)

**Sherry Ward**
Title: Team Leader
Job Description: Direct line supervisor for those Account Representatives who pursued collection efforts on the account of Sarah Simon. Responsible for quality control and evaluates the collection efforts of accounts prior to returning a file to the client. (identified as SHE)

**Lisa Licea**
Title: Account Representative
Job Description: Perform collection functions for defaulted accounts that are placed within the individual collection queue, as well as handle inbound calls and accounts from other collection teams as appropriate. Duties include skip-tracing, and telephone contact, and requesting collection form letters. (identified as 126)

**Travis Dupree**
Job Description: Performing collection functions for defaulted accounts that are placed within the individual collection queue, as well as handle inbound calls and accounts from other collection teams as appropriate. Duties include skip-tracing, and telephone contact, and requesting collection form letters.

Additional duties include training (Mentor Program); Michael is a member of the Team Leader Assistant (TA) Leadership Development Program. (identified as 234)

**Vinny Vallone**
Title: Account Representative & Team Leader
Job Description: Performed collection functions for defaulted accounts that were placed within the individual collection queue, as well as handle inbound calls and accounts from other collection teams as appropriate. Duties include skip-tracing, and telephone contact, and requesting collection form letters. Additional duties include training (Mentor Program);(identified as VIN)

Current Position
Title: Team Leader
Job Description: Direct line supervisor for those Account Representatives who pursued collection efforts on the account of Sarah Simon. Responsible for quality control and evaluates the collection efforts of accounts prior to returning a file to the client. (identified as VIN)

**Clay Goodyear**
Title: Vice President of Collections
Job Description: Clay's area of Responsibilities includes overseeing the development of Team Leaders, and all aspects of the collection staff. Other duties include interviewing and hiring of collection staff and the collection training program. (identified as CLA)

**Jose Rodriguez**
Title: Team Leader
Job Description: Direct line supervisor for those Account Representatives who pursued collection efforts on the account of Sarah Simon. Responsible for quality control and evaluates the collection efforts of accounts prior to returning a file to the client. (identified as JOS)

**Lori Robinson**
Title: Account Representative
Job Description: Perform collection functions for defaulted accounts that are placed within the individual collection queue, as well as handle inbound calls and accounts from other collection teams as appropriate. Duties include skip-tracing, and telephone contact, and requesting collection form letters. (identified as 603)

**Cindy Parham**
Title: Assistant Manager of Client Services
Job Description: Assists the Manager of Client Services in all daily functions to include direct contact with clients, as well as support the needs of both the collection floor and the Sales staff. Communicates directly with the client to verify payments, seek additional account demographic data, and request proof of debt as appropriate. (identified as CIN)

**Robert Perrin**
Title: President
Job Description: Responsible for the overall day-to-day operation of Williams & Fudge, Inc. Ensures coordination and provides direction for all departments within Williams & Fudge, Inc. Evaluates market trends and formulizes plans to achieve corporate goals. (identified as BOB)

8. Identify all staff personnel at your offices.

ANSWER: Objection. This question is overly broad, harassing and not calculated to lead to the discovery of any admissible evidence.

9. State the current net worth of each of the defendants and describe in meaningful factual detail how this figure was calculated. The mere assertion that the figure was determined by simply subtracting liabilities from assets is not sufficient. You must specify the assets and liabilities as well as their respective values.

ANSWER: Objection. This question is overly broad, harassing and not calculated to lead to the discovery of any admissible evidence.

10. Identify all documents transmitted to defendant regarding plaintiff's alleged debts.

ANSWER: Please see Exhibit "B" annexed to defendant's response to plaintiff's first request for production of documents.

11. Please identify the person(s) responding to these requests, each person consulted in preparing the responses, the interrogatory answer(s) about which they were consulted, and identify each document consulted or referred to by that person by Bates stamp number.

ANSWER: Responses were prepared by Bob Perrin, the President of defendant, Williams & Fudge, Inc.

12. Please identify the name and last known address and telephone number of each individual with knowledge of any facts that support, contradict or relate to plaintiff's claims or defendants defenses. For each of the people you identify, state the subject matter of their knowledge and provide a summary of the facts and information they may use.

ANSWER:

Vincent Vallone
257 Pineville Forrest Drive
Pineville NC 28134
704-752-9214

Knowledge of facts. Mr. Vallone had direct contact with Ms. Sarah Simon.

Lisa Licea
1374 Sullivan Street
Rock Hill SC 29730
803-985-5748

Ms. Licea had direct contact with Mr. Sarah Simon.

13. Identify the individuals that telephoned plaintiff, or plaintiff's neighbors or family members, on behalf of defendants in attempting to collect a debt.

ANSWER: Vincent Vallone
Lisa Licea
Sherry Ward
Travis Dupree
Michael Butts
Lori Robinson

Dated: Spring Valley, New York
December 12, 2007

ARTHUR SANDERS, ESQ. (AS-1210)
Attorney for defendants
2 Perlman Drive - Suite 301
Spring Valley NY 10977-5230
845-352-7272

TO: BRIAN L. BROMBERG, ESQ. (BB-6264)
Attorney for plaintiff
40 Exchange Place - Suite 2010
New York NY 10005